**RANDY RUMPH** (SBN: 232235)
1401 - 19TH STREET, SUITE 200
BAKERSFIELD, CALIFORNIA 93301
PHONE: (661) 322-4600
ATTORNEY FOR PLAINTIFF MARIA STEWART

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA STEWART, an individual,<br>PLAINTIFF,<br><br>vs.<br><br>MARK CALVILLO, CITY OF BAKERSFIELD, CALIFORNIA; KERN COUNTY CALIFORNIA; DOES 1 through 100.<br><br>DEFENDANTS. | CASE NO.<br><br>**COMPLAINT WITH JURY DEMAND** |

1. This action is brought in part under 42 U.S.C. 1983 and this court has jurisdiction over Plaintiff's claims under 42 U.S.C. 1983 pursuant to 28 U.S.C. 1331, 1343. This court has jurisdiction over all other state law claims under 28 U.S.C. 1367.

2. Venue in this court is proper pursuant to 28 U.S.C. 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

3. At the time of the actions complained of herein, Plaintiff was a resident of Kern County, California and defendant Calvillo was a police officer working as an employee of the

Bakersfield Police Department. Defendants Does 1 through 10 were employees of the Kern County Jail and acting within the scope and authority of their job duties at the Kern County Jail and were therefore employees of Kern County. At all times material hereto, Defendant Calvillo and Does 1 through 10 were acting under color of state law pursuant to 42 U.S.C. 1983.

4. Defendant City of Bakersfield dba and conducting business as Bakersfield Police Department.

5. Defendant Kern County dba and conducting business as the Kern County Sheriff's Office was at all times material hereto operating the Kern County Jail.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained. Plaintiffs are informed and believe and on that basis alleged that each of the fictitiously named Defendants are liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to plaintiffs as alleged herein, which includes battering Plaintiff at the Kern County Jail, acting as an employer of defendant Calvillo, acting as an employer to the Doe Defendants who were employed at the Kern County Jail, conspiring with Calvillo or the Doe Defendant Kern County Jail employees to harm Plaintiff.

7. On or about April 9, 2005, Defendant Calvillo arrested Plaintiff without any basis in law or fact.

8. Calvillo responded to a call at or about 1520 Niles Street. Defendant Calvillo, without permission or probable cause to do so, entered the home/dwelling located there searching for Stewart. There were no circumstances justifying his forced entry into the residence/dwelling.

9. Plaintiff ran into her back room and called the 911 emergency number and was on the phone with that service when Stewart apprehended her, pushed her to the floor, and arrested her without probable cause to do so.

10. Plaintiff is informed and believes that the 911 system recorded the entire conversation, including a discussion whereby defendant Calvillo admitted he was arresting Plaintiff without probable cause.

11. Calvillo then caused Plaintiff to be arrested and transported to the Kern County Jail which is operated by Kern County dba Kern County Sheriff's Department.

12. Calvillo's conduct then caused Plaintiff to be prosecuted for crimes she did not commit .

13. The prosecution was ultimately dropped in favor of Plaintiff.

14. On or about April 9, 2005, Defendants Does 1 - 10, members, employees and/or agents of Defendant Kern County dba Kern County Sheriff's Department, and employees of the Kern County Jail Facility were in the process of transporting Plaintiff when, without cause, reason or justification, they assaulted, battered, kicked, punched, and used excessive force upon Plaintiff.

15. As a direct, proximate, and legal result of the actions of Defendant Does 1-10 alleged above, Plaintiff suffered personal injuries, pain and suffering, and was transported to a local hospital, and was treated for personal injuries there.

16. Plaintiff has complied with Government Code 910 and all Government Tort Claims notification provisions relating to the state law claims. Said provisions are inapplicable to the claims brought under 42 U.S.C. 1983.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. 1983)**

17. Plaintiff repeats and realleges all prior allegations.

18. This claim for relief is brought against Defendant Calvillo only.

19. Defendant Calvillo unlawfully arrested Plaintiff on April 9, 2005 (hereinafter the "False Arrest").

20. The False Arrest deprived Plaintiff of her rights granted to her by the United States Constitution by taking Plaintiff into custody without due process of law and holding her there

against her will, while using unlawful and excessive force.

21. The deprivation of Plaintiff's rights as outlined above occurred while Calvillo was operating under color of state law, to wit, while he was working as a police officer for the Bakersfield Police Department.

22. The False Arrest violated Plaintiff's rights under 42 U.S.C. 1983 (the False Arrest 1983 Violation) and defendant Calvillo is liable for all damages proximately caused by said violation.

23. The False Arrest 1983 Violation caused damages to Plaintiff, including but not limited to personal injuries, pain and suffering, emotional distress and mental anguish.

24. Defendant Calvillo is liable for punitive damages for the above conduct as the False Arrest 1983 Violation was malicious and occurred with a reckless disregard for Plaintiff's federally protected rights. .

25. Plaintiff has been forced to incur the cost of hiring an attorney to prosecute this action and is therefore entitled to attorneys fees and costs of prosecuting this action.

**SECOND CLAIM FOR RELIEF**
**(California Civil Code 52.1)**

26. Plaintiff repeats and realleges all prior allegations.

27. This claim for relief is brought against Defendant Calvillo only.

28. The False Arrest 1983 Violation also served to intimidate, threaten, coerce, and interfere with Plaintiff's rights under the United States Constitution and the California Constitution, as well as the law of the state of California. Plaintiff did not consent to such conduct and it was a substantial factor in causing damages to Plaintiff, including personal injuries, pain and suffering, emotional distress, and mental anguish.

29. The False Arrest 1983 Violation also was a violation of California law, to wit, California Civil Code 52.1.

30. Defendant Calvillo is liable for punitive damages for the above conduct as it was

malicious and oppressive under Cal.Civ.Code 3294.

31. Plaintiff has been forced to incur the cost of hiring an attorney to prosecute this action and is therefore entitled to attorneys fees and costs of prosecuting this action.

**THIRD CLAIM FOR RELIEF**
**(False Arrest)**

32. Plaintiff repeats and realleges all prior allegations.

33. This claim for relief is brought against Defendant Calvillo and the City of Bakersfield.

34. The False Arrest 1983 Violation amounted to a wrongly detainer/restraint by defendant as Plaintiff was intentionally deprived of her freedom of movement by use of force and use of authority. This amounted to a false arrest under California law. Plaintiff did not consent, and defendant Calvillo's conduct was a substantial factor in causing the harm from the false arrest.

35. Plaintiff suffered damages by reason of the False Arrest including personal injuries, emotional distress, and mental anguish.

36. Defendant Calvillo is liable for punitive damages for the above conduct as it was malicious and oppressive under Cal.Civ.Code 3294.

37 Defendant Calvillo was operating as an employee of the Bakersfield Police Department and the City of Bakersfield is liable for the conduct of Calvillo with the exception of punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(Malicious Prosecution)**

38. Plaintiff repeats and realleges all prior allegations.

29. This claim for relief is against Defendants Calvillo and the City of Bakersfield.

30. Defendant Calvillo wrongfully caused a criminal proceeding to be brought against plaintiff

31. Defendant had no probable cause in doing so.

32. Defendant acted for purpose other than bringing her to justice.

33. Plaintiff was harmed by the criminal proceeding.

34. As a proximate cause of Defendant Calvillo's conduct, Plaintiff incurred damages in the form of attorney fees, mental anguish, and emotional distress.

35. Defendant Calvillo is liable for punitive damages for the above conduct as it was malicious and oppressive under Cal.Civ.Code 3294.

36. Defendant Calvillo was operating as an employee of the Bakersfield Police Department and the City of Bakersfield is liable for the conduct of Calvillo with the exception of punitive damages.

**FIFTH CLAIM FOR RELIEF**
**(Intentional Infliction Of Emotional Distress)**

37. Plaintiff repeats and realleges all prior allegations.

38. This claim for relief is brought against defendants Calvillo and the City of Bakersfield.

39. The False Arrest 1983 Violation amounted to conduct that was extreme and outrageous.

40. The False Arrest 1983 Violation was carried out by defendant Calvillo with the intent to cause extreme emotional distress on the part of Plaintiff or it was carried out with a reckless disregard as to the probability of causing extreme emotional distress on the part of Plaintiff.

41. As a proximate cause of the False Arrest 1983 Violation, Plaintiff suffered extreme emotional distress.

42. Defendant Calvillo was operating as an employee of the Bakersfield Police Department and the City of Bakersfield is liable for the conduct of Calvillo with the exception of punitive damages.

43. Defendant Calvillo is liable for punitive damages for the above conduct as it was malicious and oppressive under Cal.Civ.Code 3294.

**SIXTH CLAIM FOR RELIEF**
**(Battery)**

44. Plaintiff repeats and realleges all prior allegations.

45. This claim for relief is brought against Does 1 through 10 and Kern County dba Kern County Sheriff's Department.

46. While Plaintiff was at the Kern County Jail Facility, Does 1 through 10, employees of the Kern County Jail Facility, engaged in unlawful conduct towards Plaintiff, including but not limited to battering Plaintiff (the Unlawful Battery) by hitting her and striking her with blows that left substantial bruising and marks on Plaintiff's body. The Unlawful Battery constituted an unlawful touching with the intent to cause Plaintiff harm.

47. Plaintiff did not consent to the Unlawful Battery and suffered damages as a result, including personal injuries, pain and suffering, emotional distress, and mental anguish. Plaintiff was transported to a local hospital where she incurred medical expenses and she is entitled to reimbursement for any such medical expenses.

48. Does 1 through 10 were operating as employees of Kern County at the time of the Unlawful Battery and Kern County is liable for the conduct of Does 1 through 10 with the exception of punitive damages.

49. Does 1 through 10 are liable for punitive damages for the above conduct as it was malicious and oppressive under Cal. Civ. Code 3294.

**SEVENTH CLAIM FOR RELIEF**
**(42 U.S.C. 1983)**

50. Plaintiff repeats and realleges all prior allegations.

51. This claim is brought against Does 1 through 10 and Kern County.

52. At all times material hereto Does 1 through 10 were operating under color of state law for purpose of 42 U.S.C. 1983.

53. The Unlawful Battery violated rights granted Plaintiff by the United States Constitution, including but not limited to the right to be free from excessive force, and as such,

violated 42 U.S.C. 1983 (the Unlawful Battery 1983 Violation).

54. The Unlawful Battery 1983 Violation caused damages to Plaintiff including personal injuries, pain and suffering, mental anguish, and emotional distress, as well as medical expenses.

55. Defendant Does 1 through 10 are liable for punitive damages for the above conduct as the Unlawful Battery 1983 Violation was malicious and done with a reckless disregard for Plaintiff's federally protected rights.

56. Defendant Kern County is liable for the Unlawful Battery 1983 Violation and all damages stemming therefrom (except punitive damages) as it had a policy, pattern, and practice of knowingly allowing conduct similar to the Unlawful Battery 1983 Violation to occur.

**EIGHTH CLAIM FOR RELIEF**
**(California Civil Code 52.1)**

57. Plaintiff repeats and realleges all prior allegations.

58. This claim is brought against defendants Does 1 through 10.

59. The Unlawful Battery 1983 Violation also served to intimidate, threaten, coerce, and interfere with Plaintiff's rights under the United States Constitution and the California Constitution, as well as the law of the state of California. Plaintiff did not consent to such conduct and it was a substantial factor in causing damages to Plaintiff, including personal injuries, pain and suffering, emotional distress, and mental anguish, as well as medical expenses.

60. The Unlawful Battery 1983 Violation also was a violation of California law, to wit, California Civil Code 51.2.

61. Defendant Does 1 through 10 are liable for punitive damages for the above conduct as it was malicious and oppressive under Cal.Civ.Code 3294.

62. Plaintiff has been forced to incur the cost of hiring an attorney to prosecute this action and is therefore entitled to attorneys fees and costs of prosecuting this action.

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages for her personal injuries, including pain and suffering, reimbursement

for medical expenses incurred.

2. For emotional distress and mental anguish in an amount to be determined at trial.

3. For punitive damages against Calvillo and Does 1 through 10 in an amount to be determined at trial.

4. For an award of attorney fees and costs.

5. For such other and further relief as this court deems just and proper.

Dated this 30th day of March, 2007.

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

RANDY RUMPH

/s/ Randy Rumph
1401 19th Street #200
Bakersfield, CA 93301
661-322-4600
Attorney for Plaintiff
Maria Stewart