# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA STEWART, | CASE NO. CV F 07-0495 LJO GSA |
| Plaintiff, | **SUMMARY ADJUDICATION ORDER** (Doc. 34.) |
| vs. | |
| MARK CALVILLO, et al, | |
| Defendants. | |

## INTRODUCTION

Defendants City of Bakersfield ("City") and City police officer Mark Calvillo ("Officer Calvillo") seek summary adjudication that plaintiff Maria Stewart's ("Ms. Stewart's") state false arrest claim is time barred and her state malicious prosecution claim is barred by prosecutorial immunity. Ms. Stewart does not oppose summary adjudication of her state false arrest claim but seeks to amend her complaint to assert a malicious prosecution claim against Officer Calvillo under 42 U.S.C. § 1983 ("section 1983") to avoid state prosecutorial immunity. Officer Calvillo contends that Ms. Stewart's request to amend her complaint is barred as untimely and prejudicial to Officer Calvillo. This Court considered the City and Officer Calvillo's summary adjudication motion and Ms. Stewart's request to amend on the record[1] and VACATES the December 18, 2008 hearing. For the reasons discussed below,

---

[1] This Court carefully reviewed and considered all arguments, points and authorities, declarations, statements of undisputed facts, and other papers filed by the parties. Omission of reference to an argument, document, or paper is not to be construed to the effect that this Court did not consider the argument, document or paper. This Court thoroughly reviewed and considered the evidence it deemed admissible, material and appropriate for summary adjudication.

1

this Court GRANTS the City and Officer Calvillo summary adjudication on Ms. Stewart's state false arrest claim and state malicious prosecution claim and DENIES Ms. Stewart leave to amend her complaint to add a section 1983 malicious prosecution claim.

## BACKGROUND

### Ms. Stewart's Arrest

On April 9, 2005, Ms. Stewart telephoned 911 to report a robbery at her Bakersfield residence. Officer Calvillo was dispatched to Ms. Stewart's residence. Officer Calvillo claims that Ms. Stewart repeatedly hit him to result in his arresting her for battery of a peace officer in violation of California Penal Code section 243(b). Ms. Stewart claims that Officer Calvillo entered her residence without permission or probable cause and arrested her without probable cause as she called 911.

On April 20, 2005, a criminal complaint to charge Ms. Stewart with violation of California Penal Code section 243(b) was filed in Kern County Superior Court. On June 22, 2005, the criminal complaint was dismissed.

### Ms. Stewart's Claims

On March 30, 2007, Ms. Stewart filed her operative original complaint ("complaint") to allege section 1983 and tort claims against the City and Officer Calvillo, including:

1. A (third) state false arrest claim that Ms. Stewart "was intentionally deprived of her freedom of movement by use of force and use of authority" and

2. A (fourth) state malicious prosecution claim that Officer Calvillo "wrongfully caused a criminal proceeding to be brought" against Ms. Stewart.

The City and Officer Calvillo seek summary adjudication that the false arrest claim is time barred and that the state malicious prosecution claim is barred by prosecutorial immunity. Ms. Stewart does not oppose summary adjudication of the state false arrest claim but seeks to amend her complaint to pursue a section 1983 claim for malicious prosecution against Officer Calvillo.

## DISCUSSION

### Summary Judgment/Adjudication Standards

F.R.Civ.P. 56(b) permits a party against whom relief is sought to seek "summary judgment on all or part of the claim." Summary judgment/adjudication is appropriate when there exists no genuine

1  issue as to any material fact and the moving party is entitled to judgment/adjudication as a matter of law.
2  F.R.Civ.P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348,
3  1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).
4  The purpose of summary judgment/adjudication is to "pierce the pleadings and assess the proof in order
5  to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct.
6  1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

7  On summary judgment/adjudication, a court must decide whether there is a "genuine issue as to
8  any material fact," not weigh the evidence or determine the truth of contested matters.  F.R.Civ.P. 56(c);
9  *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress
10 & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464,
11 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th
12 Cir. 1984). The evidence of the party opposing summary judgment/adjudication is to be believed and
13 all reasonable inferences that may be drawn from the facts before the court must be drawn in favor of
14 the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986);
15 *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.  The inquiry is "whether the evidence presents a sufficient
16 disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as
17 a matter of law." *Anderson*, 477 U.S. at 251-252, 106 S.Ct. 2505.

18 To carry its burden of production on summary judgment/adjudication, a moving party "must
19 either produce evidence negating an essential element of the nonmoving party's claim or defense or
20 show that the nonmoving party does not have enough evidence of an essential element to carry its
21 ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210
22 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d
23 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party
24 must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102;
25 *see High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts
26 are material.  Only disputes over facts that might affect the outcome of the suit under the governing law
27 will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.
28 "If a moving party fails to carry its initial burden of production, the nonmoving party has no

obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Under F.R.Civ.P. 56(d)(2), a summary judgment/adjudication motion, interlocutory in character, may be rendered on the issue of liability alone. "In cases that involve . . . multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties, but not as to others." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *see also Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990); *Cheng v. Commissioner Internal Revenue Service*, 878 F.2d 306, 309 (9th Cir. 1989). A court "may grant summary adjudication as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. F.D.I.C.*, 977 F.Supp. 1051, 1055 (S.D. Cal. 1977).

As discussed below, the City and Officer Calvillo are entitled to summary adjudication on Ms. Stewart's state false arrest claim and state malicious prosecution claim.

///

**False Arrest Limitations Period**

California Code of Civil Procedure section 340(c) provides a one-year limitations period for "[a]n action for . . . false imprisonment." The City and Officer Calvillo argue that under California law, a false imprisonment/arrest claim accrues when the plaintiff is released from alleged illegal restraint, not upon termination of underlying criminal proceedings. The City and Officer Calvillo conclude that Ms. Stewart's March 30, 2007 complaint filing in this action failed to preserve the limitations period for her false arrest claim given that her underlying charges were dismissed on June 22, 2005.

In *Collins v. Los Angeles County,* 241 Cal.App.2d 451, 457, 50 Cal.Rptr. 586 (1966), the California Court of Appeal held that a false imprisonment claim accrues on termination of imprisonment, not when the underlying criminal proceedings end although the plaintiff allegedly did not learn of the falsity of the arrest and imprisonment until testimony at trial so demonstrated. The *Collins* court explained:

> To the contrary, unless plaintiffs were involved in some unlawful activity, it is only reasonable to assume that immediately upon their arrest and imprisonment they would have believed the same to be unlawful, at which time they could and should have sought legal assistance to determine the cause and the reason for their arrest, just as they immediately sought and obtained legal assistance in their defense on the trial on the criminal charges. The natural outrage and indignation of an innocent person over what he has reason to believe is a false arrest is reflected in his conduct at the outset of his detention, not several months later, long after his release, when the criminal trial is dismissed on some legal technicality. In any event, mere ignorance, not induced by fraud, of the existence of facts constituting a cause of action on the part of plaintiff does not prevent the running of the statute of limitations.

*Collins,* 241 Cal.App.2d at 457, 50 Cal.Rptr. 586; *see Scannell v. County of Riverside*, 152 Cal.App.3d 596, 606, 199 Cal.Rptr. 644 (1984) (plaintiff's claim for false imprisonment "was complete upon his release from custody even though additional damages might have occurred later."); *Milliken v. City of South Pasadena,* 96 Cal.App.3d 834, 840, 158 Cal.Rptr. 409 (1979) ("Although a cause of action arose at the time of arrest and initial imprisonment, the statute of limitations did not commence to run until appellant's discharge from jail.")

Ms. Stewart appears to concede that her state false arrest claim is barred by the one-year limitations period of California Code of Civil Procedure section 340(c). As to a false arrest claim, Ms. Stewart takes refuge in the complaint's (first) section 1983 cause of action for false arrest and its two-year limitations period. In the absence of Ms. Stewart's opposition, the (third) state false arrest claim

is subject to summary adjudication in favor of the City and Officer Calvillo.

## Immunity From Malicious Prosecution

As to Ms. Stewart's state malicious prosecution claim, Officer Calvillo seeks to invoke "absolute immunity" under California Government Code section 821.6 ("section 821.6"), which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Officer Calvillo argues that "as a matter" of law, he is immune to Ms. Stewart's state malicious prosecution claim.

The California Supreme Court has explained section 821.6's application:

> . . . California law grants immunity to any "public employee" for damages arising from malicious prosecution. (§ 821.6.) "Although Government Code section 821.6 has primarily been applied to immunize prosecuting attorneys and other similar individuals, this section is not restricted to legally trained personnel but applies to all employees of a public entity. . . . 821.6 "applies to police officers as well as public prosecutors since both are public employees within the meaning of the Government Code."

*Asgari v. City of Los Angeles*, 15 Cal.4th 744, 756-757, 63 Cal.Rptr.2d 842 (1997) (citations omitted.); *see Randle v. City and County of San Francisco,* 186 Cal.App.3d 449, 456, 230 Cal.Rptr. 901 (1986).

The City contends that since Officer Calvillo is immune, it cannot be held liable for Ms. Stewart's state malicious prosecution claim. The City relies on California Government Code section 815.2(b), which provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." A municipality is not liable for malicious prosecution arising from its employee's immunized conduct within the scope of the employee's employment. *See Vivell v. City of Belmont,* 274 Cal.App.2d 38, 41, 78 Cal.Rptr. 841 (1969).

Ms. Stewart "acknowledges" that the City is absolutely immune to a state malicious prosecution claim. Ms. Stewart seeks to amend her complaint to allege against Officer Calvillo only a malicious prosecution claim under section 1983. As such, the City and Officer Calvillo are entitled to summary adjudication on Ms. Stewart's state malicious prosecution claim, and this Court turns its attention to whether Ms. Stewart may amend her complaint to add a section 1983 malicious prosecution claim against Officer Calvillo.

**Ms. Stewart's Request To Amend Her Complaint**

Ms. Stewart's proposed (fourth) section 1983 malicious prosecution cause of action is nearly identical to her corresponding state claim, except that "42 U.S.C. 1983" appears in its heading and an added allegation that Officer Calvillo acted "to deny Plaintiff equal protection, procedural due process, and other rights under the United States Constitution."

F.R.Civ.P. 15(a)(2) provides that under the circumstances at hand "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996). In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Officer Calvillo argues that Ms. Stewart's request to amend her complaint is untimely and thus governed by F.R.Civ.P. 16's "good cause" standard. Officer Calvillo notes the passing of the September 5, 2008 deadline to file non-dispositive motions, such as a motion for leave to amend a complaint.[2]

Officer Calvillo is correct that this Court must first address whether Ms. Stewart satisfied F.R.Civ.P. 16 to allow her proposed section 1983 malicious prosecution claim. Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to "complete discovery" and "file motions." Scheduling orders may also include "dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous

---

[2] United States Magistrate Judge Gary Austin conducted a March 4, 2008 status conference and extended the originally set discovery, motion and trial dates. Discovery and non-dispositive motion filing deadlines had passed well prior to Ms. Stewart's December 1, 2008 request to amend her complaint. Trial is set for January 20, 2009.

piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Officer Calvillo correctly complains of Ms. Stewart's untimeliness and delay until summary adjudication opposition to seek to amend her complaint. Ms. Stewart makes no attempt to demonstrate good cause to permit amendment given her silence as to diligence. This Court agrees with Officer Calvillo that Ms. Stewart seeks belated amendment to attempt to resurrect a malicious prosecution claim. Ms. Stewart's request to amend reflects carelessness to ignore the September 5, 2008 deadline to file a motion for the relief which Ms. Stewart cavalierly seeks mere weeks prior to trial and after the close of discovery. In the absence of facts that Ms. Stewart could not have foreseen a need to amend, Ms. Stewart lacks good cause for her request.

### **Amendment Factors**

Putting aside Ms. Stewart's untimeliness, Officer Calvillo argues that the balance of amendment factors weighs against granting her request.

In addressing pleading amendments, the United States Supreme Court explained in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

8

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America,* 919 F.2d 1398, 1402 (9th Cir. 1990).

Although "leave to amend should not be granted automatically," the circumstances under which F.R.Civ.P. 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991).) "Justifying reasons must be apparent for denial of a motion to amend." *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993).

As discussed below, consideration of the above factors weighs in favor of denial of Ms. Stewart's proposed section 1983 malicious prosecution claim.

***Delay/Bad Faith***

"[D]elay alone – no matter how lengthy – is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). In *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed:

> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.

Delay in combination with other factors may be sufficient to deny amendment. When "there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn,* 648 F.2d

at 1254; *see Morongo v. Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

Leave to amend may be denied if the court determines the amendment is interposed solely to produce delay. 2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2008) Pleadings, para. 8:421, p. 8-161. When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment. 6 Wright, Miller & Kane, *Federal Practice and Procedure* (1990) Amendments Under Rule 15(a), § 1487, p. 651.

Ms. Stewart does not address specifically delay or bad faith in seeking leave to add the section 1983 malicious prosecution claim. Ms. Stewart notes that she "omitted" malicious prosecution in her (first) section 1983 cause of action against Officer Calvillo and that the claim "is not new" in that it recasts her state malicious prosecution claim under section 1983.

Ms. Stewart's delay is significant, and no good cause exists to justify her delay. *See Amerisourcebergen v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (failure to explain delay to seek amendment supports denial). As discussed below, Ms. Stewart's delay considered with other factors further supports denial of her request to add a section 1983 malicious prosecution claim.

### *Prejudice*

Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend. *Howey*, 481 F.2d at 1190. Prejudice to the opposing party "carries the greatest weight," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and is the "touchstone of the inquiry," *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (italics in original).

Ms. Stewart argues that her proposed amended malicious prosecution claim does not prejudice Officer Calvillo "as it subsumes the prior claim and merely makes it applicable under 42 U.S.C. 1983

and not state law." Officer Calvillo points to the following to support prejudice from a new section 1983 malicious prosecution claim:

1. Officer Calvillo has completed his streamlined discovery as to Ms. Stewart's viable causes of action;

2. Officer Calvillo conducted "little or no discovery" on Ms. Stewart's state malicious prosecution claim as he knew it "was not viable";

3. All discovery and motion deadlines have passed; and

4. Preparation for the January 20, 2009 trial is "well underway";

Officer Calvillo's prejudice points are valid. Although state and section 1983 malicious prosecution claims are similar, Officer Calvillo has foregone discovery on such a claim given the immunity to the pled state claim. The passage of time and nearness of trial renders reopening discovery impractical to compound prejudice if Ms. Stewart's section 1983 malicious prosecution claim were permitted. *See Solomon v. No. Amer. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (1998) (allowing amendment "on the eve of the discovery deadline" would cause prejudice "thus delaying the proceedings"). Ms. Stewart's failure to address prejudice meaningfully reflects an ignorance of such factor or concession that prejudice warrants denial of her request to amend her complaint. Prejudice to Officer Calvillo and Ms. Stewart's delay lacking good cause warrant denial of her request to amend her complaint.

*Futility*

A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *DCD Programs*, 833 F.2d at 186. Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). An amendment is futile when it lacks legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993 (1993); *Johnson v. District 2 Marine Engineers Beneficial Assoc.*, 857 F.2d 514, 518 (9th Cir. 1988). Leave to amend may

be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843.

Ms. Stewart argues that her proposed section 1983 malicious prosecution is viable and avoids state and federal immunities. Ms. Stewart cites to *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004), which explains:

> However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.

To further support her proposed section 1983 claim, Ms. Stewart cites to *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (quoting *United States v. Lee*, 786 F.2d 951, 957 (9th Cir. 1986)): "'To establish impermissible selective prosecution, [Freeman] must show that others similarly situated have not been prosecuted and that the prosecution is based on an impermissible motive."

As to state law immunities, the United States Supreme Court has explained:

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.

*Martinez v. California*, 444 U.S. 277, 284, n. 8, 100 S.Ct. 553, 558, n. 8 (1980).

The United States Supreme Court has "held that a state law that immunizes government conduct otherwise subject to suit under §1983 is preempted . . . because the application of the state law would thwart the congressional remedy . . . which of course already provides certain immunities for state officials." *Felder v. Casey*, 487 U.S. 131, 139, 108 S.Ct. 2302, 2307 (1988).

By merely citing to *Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997), *cert. denied,* 522 U.S. 1115, 118 S.Ct. 1051 (1998), Ms. Stewart appears to claim that Officer Calvillo is not entitled to qualified immunity for a section 1983 claim.

Officer Calvillo responds that a section 1983 malicious prosecution claim is time barred absent relation back to Ms. Stewart's March 30, 2007 filing of her complaint. Officer Calvillo argues that a section 1983 malicious prosecution action should be barred by the applicable two-year limitations

/ / /

/ / /

period.³

Given the prejudice and Ms. Stewart's delay, this Court need not scrutinize in detail the viability of the proposed section 1983 malicious prosecution cause of action. The clear import of Ms. Stewart's amendment request is to avoid defenses to a state malicious prosecution claim. The issue whether a section 1983 malicious prosecution claim is susceptible to defenses, including the limitations period and qualified immunity, does not require resolution given that to do so, would require a delay in the proceedings to compound prejudice to Officer Calvillo. Nonetheless, the available defenses bolster denial of Ms. Stewart's section 1983 malicious prosecution claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS the City and Officer Calvillo summary adjudication on Ms. Stewart's (third) state false arrest and (fourth) state malicious prosecution causes of action alleged in Ms. Stewart's original complaint; and

2. DENIES Ms. Calvillo's request to add a section 1983 malicious prosecution claim.

IT IS SO ORDERED.

**Dated:   December 12, 2008**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

³ On January 1, 2003, California Code of Civil Procedure section 335.1 took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson v. Garcia*, 471 U.S. 261, 271-272, 105 S.Ct. 1938 (1985); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1255 (C.D. Cal. 2003); *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, claims brought under section 1983 and which arise in California are generally barred if not brought within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397.