# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA STEWART,

             Plaintiff,

   vs.

MARK CAVILLO, CITY OF
BAKERSFIELD, COUNTY OF KERN,

         Defendants.

_____/

CASE NO. CV F 07-495 LJO GSA

**ORDER ON MOTIONS IN LIMINE AND
DEFENDANTS' EVIDENCE OBJECTIONS**
(Docs. 58, 66, 67, 68, 71, 82)

      This Court conducted a January 15, 2009 motions in limine hearing at 10:00 a.m. in Courtroom 4 (LJO).  Plaintiff Maria Stewart ("Plaintiff") appeared by telephone by counsel Randall Rumph. Defendants City of Bakersfield and Mark Calvillo ("Defendants") appeared by counsel Michael Lehman and Heather Cohen.  The Court read and reviewed Plaintiff's and Defendants' motions in limine and oppositions, including the supporting documents.  The Court read and reviewed Defendants' amended objections to Plaintiff's trial exhibits.  The Court further considered the arguments of counsel on the record.  The Court ruled from the bench on the following motions and incorporates those rulings herein. For the reasons described on the record and in this order, the Court issues the following order on the parties' motions in limine.

///

1

**PLAINTIFF'S MOTIONS IN LIMINE**

**1.** **Motion to Prevent Defendant's Police Procedures Expert From Testifying About Credibility or Trustworthiness of Plaintiff**

This Court GRANTS in part Plaintiff's motion. The witness is precluded from testifying as to his personal belief. He may testify as to what was said and what would ordinarily be done. Defendants' police procedures expert may not discuss his personal opinions of the credibility or trustworthiness of Plaintiff.

**2.** **Motion Relating to Court Filings by Plaintiff's Daughter**

This Court GRANTS Plaintiff's motion. Defendants may not admit a filing made by Plaintiff's daughter in 2006, since Plaintiff was never made aware of the TRO request or ultimate order.

**3.** **Motion Regarding 2004 arrest of Plaintiff**

This Court GRANTS Plaintiff's unopposed motion and LIMITS the presentation of evidence of the 2004 arrest to testimony. Defendants may not admit proposed exhibits 7, 12, 32, and 35.

**DEFENDANTS' MOTIONS IN LIMINE**

**1.** **Motion to Exclude Evidence or Testimony Regarding January 2004 Incident with Bakersfield Police Department or Kern County Sheriff's Department**

This Court DENIES in part Defendants' motion. The January 2004 incident may be raised insofar as Plaintiff may explain that she had a prior incident with the police that made her susceptible to an emotional condition as it relates to police. However, there may be no reference by Plaintiff to the Bakersfield Police Department, and she must make clear that this incident had nothing to do with Officer Calvillo. The evidence may only be introduced as it relates to the issue of the aggravation of a preexisting condition. If Plaintiff does expand the testimony beyond these bounds, she has opened the door to Defendants to pursue the issues about which Plaintiff testifies.

///

///

2

**2.     Motion to Exclude Evidence or Testimony Regarding the Events Following Plaintiff's Arrest**

This Court GRANTS Defendants' unopposed motion to exclude evidence or testimony regarding the alleged treatment of Plaintiff at the Kern County Jail Facility.

**3.     Motion to Exclude Evidence of Economic Damages**

This Court GRANTS Defendants' motion to exclude evidence of economic damages. Plaintiff did not address economic damages in her Fed. R. Civ. P. 16 disclosures, nor did she identify these costs in other discovery requests. As such, Plaintiff may not testify as to economic damages and may not claim them as damages. Plaintiff may not testify as to the loss of her source of income, pursuant to Fed. R. E. 403, because the loss her computers from her home after the arrest is too remote to be relevant.

**4.      Motion to Exclude Testimony or Opinion that the Plaintiff's Heart Attack was Related to the Incident that Gives Rise to this Lawsuit**

This Court GRANTS Defendants' unopposed motion. Plaintiff may not testify or opine that her heart attack was caused by this incident.

**5.     Motion to Exclude Nonparty Witnesses From the Courtroom**

This Court GRANTS Defendants' unopposed motion. No witnesses, other than the parties, shall be in the courtroom until the time that they are called to testify.

**6.     Motion to Exclude "Golden Rule" Argument**

This Court GRANTS Defendants' unopposed motion. Plaintiff may not ask the jury to place itself in the Defendant's position.

**7.     Motion to Exclude Evidence Of or Reference To the Dismissal of the Underlying Action**

This Court GRANTS Defendants' motion. At the time of the trial, at the request of counsel, the Court will give a cautionary instruction to the jury on this issue.

**8.      Motion to Exclude Argument or Evidence Concerning Settlement Negotiations**

This Court GRANTS Defendants' unopposed motion.

**9.      Motion to Exclude Reference, Argument, or Evidence Pertaining to Insurance or Indemnification**

This Court GRANTS Defendants' unopposed motion.

**10.     Motion to Exclude Expert Testimony from Plaintiff**

This Court GRANTS Defendants' unopposed motion.

**11.     Motion to Exclude Evidence, Testimony, or Allegation that Defendant Calvillo's Use of Force was Excessive**

This Court GRANTS Defendants' unopposed motion.

**12.     Motion to Exclude Evidence of Physical Injuries**

This Court GRANTS Defendants' motion based on defense counsel's statement that the defense will not dispute, nor provide any testimony, that Rigoberto Escobar ran into Plaintiff's leg.  However, if Defendants question the validity or credibility of Plaintiff's statement through testimony as to this issue, Defendants open the door to allow Plaintiff to submit the photographs.

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

**A.      Audio Recording of 911 Telephone Call**

This Court OVERRULES Defendants' objection.  The discussion on the record makes clear that the audio tape is relevant to the issues raised in this trial.

**B.      California Tort Claims Act Filings**

This Court SUSTAINS Defendants' unopposed objection and excludes the California Tort Claims Act filings from evidence.

4

1

**C.      Photographs of Maria Stewart**

2      This Court SUSTAINS without prejudice Defendants' objection and refers to the Court's ruling

3   on Defendants' Motion in Limine # 12.  If Defendants question the validity or credibility of Plaintiff's

4   statement that she was injured by Rigoberto Escobar on the day in question, Defendants open the door

5   to allow Plaintiff to submit the photographs.

6

7   **D.      Field Arrest Data Sheet prepared by defendant Calvillo**

8      This Court SUSTAINS without prejudice Defendants' objection.  The arrest sheet is inadmissible

9   hearsay.   However, Plaintiff may use the arrest sheet as a prior inconsistent statement if that

10   circumstance arises through the testimony of defendant Calvillo.

11

12   **E.      Initial Defense Report prepared by defendant Calvillo**

13      This Court SUSTAINS without prejudice Defendants' objection.  The initial defense report is

14   inadmissible hearsay.  However, Plaintiff may use the initial defense report as a prior inconsistent

15   statement if that circumstance arises through the testimony of defendant Calvillo.

16

17   IT IS SO ORDERED.

18   **Dated:     January 15, 2009                          /s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28